UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENDA M. JOHNSON,

    Plaintiff,

v.

WELLS FARGO,

    Defendant.

CASE NO. 3:21-CV-5212-BHS

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Brenda M. Johnson, proceeding *pro se*, filed this action alleging violations of her constitutional rights. *See* Dkt. 1-1. The District Court has referred Johnson's pending Applications to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

Having reviewed and screened Johnson's Proposed Complaint under 28 U.S.C. § 1915(e)(2), the Court finds Johnson has failed to state a claim upon which relief can be granted. The Court dismisses Johnson's Proposed Complaint without prejudice, re-notes the pending

Applications to Proceed IFP, and provides Johnson with leave to file an amended pleading by August 16, 2021, to cure the deficiencies identified herein.

## I. Background

While difficult to discern, Johnson appears to allege Wells Fargo violated Johnson's First and Tenth Amendment rights when they denied her access to her money after she filed a complaint against them. Dkt. 1-1.

## II. Discussion

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A federal court may dismiss a claim *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an

act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In this matter, Johnson's complaint fails to state a claim. First, Johnson does not allege and it does not appear that Wells Fargo is a government entity. Therefore, Wells Fargo is not subject to suit under § 1983 because it does not operate under color of law. The Court further notes Johnson's claims are vague, unclear, and conclusory. In order to state a claim against Wells Fargo, Johnson must include allegations establishing that Wells Fargo should be considered a state actor for the purposes of her civil rights claims. Plaintiff must also clearly state the factual allegations supporting her claims and provide clarity regarding what claims she is attempting to bring in this lawsuit.

"A district court should not dismiss a pro se complaint [with prejudice] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). The Court finds that it is not absolutely clear that Johnson's complaint may not be cured by amendment. Therefore, the Court grants Johnson leave to amend.

### III. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court finds Johnson has failed to state a claim upon which relief can be granted. Therefore, the Court dismisses Johnson's Proposed Complaint without prejudice.

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS - 3

Johnson may file an amended complaint no later than August 16, 2021. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. If Johnson fails to file an amended complaint or otherwise respond, the undersigned will recommend that Johnson's Motion to Proceed IFP be denied and that this case be closed. The Clerk shall re-note Johnson's Motion (Dkt. 5) for consideration on August 16, 2021.

Dated this 15th day of July, 2021.

David W. Christel
United States Magistrate Judge

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS - 4